**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60969
Summary Calendar

LYNDA ANN COSTAS,

Plaintiff-Appellee,

versus

DEPOSIT GUARANTY NATIONAL BANK; AMSOUTH BANK,
as successor in interest to
Deposit Guaranty National Bank,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi - Jackson
USDC No. 3:02-CV-970-WSU

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order remanding the case to a Mississippi state court based on a clause in a Trust Agreement. For the following reasons, the order is REVERSED and the case REMANDED.

Lynda Costas ("Costas") is the income beneficiary of the Lynda Ann Costas Trust, which AmSouth Bank ("AmSouth") formerly administered as trustee. Costas filed this suit in the Chancery Court of the First Judicial District of Hinds County, Mississippi,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that AmSouth mismanaged the trust assets. AmSouth removed the case to federal court, invoking diversity jurisdiction. Costas moved to remand the case back to the Mississippi state court on the grounds that the 1964 Trust Agreement contains a forum selection clause preventing AmSouth from exercising its right to removal. The district court interpreted the clause in the Trust Agreement to be a forum selection clause that reflected the parties' intent to make the Mississippi state court the exclusive venue for their disputes. AmSouth appeals, arguing that the clause was intended to establish at least one chancery court whose jurisdiction would not be disputed for trust administration and is not a clear, unequivocal waiver of federal jurisdiction.

The clause in question states as follows:

XI.

The parties hereto so far as they lawfully may, declare that the Trust hereby created and defined shall be under the jurisdiction of the Chancery Court of the First Judicial District of Hinds County, Mississippi, whenever and if the aid of the Court shall be invoked. However, this provision is not intended to require any accounting to, or approval by, such court of any action on the part of the Trustee, or to subject the general administration of this Trust to such jurisdiction, except for the particular matter for which the Court's aid may be invoked.

Since the district court's remand order falls outside the scope of 28 U.S.C. § 1447(d), it is reviewable on appeal. We review the denial of a motion to remand de novo. Miller v. Diamond Shamrock Co., 275 F.3d 414, 417 (5th Cir. 2001). For a contractual clause to prevent a party from exercising its right to removal, the clause must give a "clear and unequivocal" waiver of that right.

2

<u>City of New Orleans v. Municipal Administrative Services, Inc.</u>, 376 F.3d 501, 504 (5th Cir. 2004).  A party may waive its rights by, inter alia, establishing an exclusive venue within the contract. <u>Id.</u>  An agreement conferring jurisdiction in one forum will not necessarily be interpreted as excluding jurisdiction elsewhere. <u>Id.</u>  "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  <u>Id.</u>

The clause at issue in this case specifies one jurisdiction without containing any words that would exclude any other jurisdiction.  The parties consented to jurisdiction in the Mississippi state court by declaring that the Chancery Court would have jurisdiction "whenever and if the aid of the Court shall be invoked."  AmSouth offers a plausible explanation why the parties to the Trust Agreement would include such a provision:  The parties wanted the trust itself to be judicially administered when necessary in Hinds County (where the trustee's offices were located), without the necessity of resorting to other courts in other counties (such as Claiborne County, where the subject property lies).  AmSouth's explanation is not, of course, inconsistent with the possibility of removal to federal court from Hinds County.

We hold that the clause in question does not clearly demonstrate the parties' intent to make Mississippi state court

3

jurisdiction exclusive, and thus REVERSE the district court's remand order.

REVERSED and REMANDED.